RICHARD L. CAWTHORN *v.* WILLIAM N. T. McDONALD.

A defendant will not be allowed to amend his answer for the purpose of citing third persons in warranty, whom he alleges to have placed the slave sued for in his possession, when he does not pretend to have any recourse, nor asks for any judgment against them.

Where the signature to a power of attorney was proved by a witness who was sworn without objection, it will be too late to object on an appeal that the subscribing witness should have beeen produced.

The acknowledgment of delivery made by the vendor of certain slaves in the deed of sale, is sufficient against a naked possessor, without title.

APPEAL by the defendant from a judgment of the District Court for the parish of Ouachita, *Boyce,* J., in favor of the plaintiff.

*McGuire,* for the plaintiff.

*Copley,* for the defendant.

BULLARD, J. The plaintiff sues for a slave named *Sam,* whom he alleges he purchased on the 21st of October, 1839, of John J. Fisher, by act before the judge of the parish of Ouachita, duly recorded. He avers that the defendant has the slave in his possession, but refuses to give him up, to his damage, &c.

The defendant denies all the allegations in the petition, and especially that the plaintiff is the owner of the negro man mentioned in his petition. He avers that the slave in question was seized by the sheriff of the parish of Ouachita on an order of seizure and sale, issued at the suit of Lake & Petty against John J. Fisher, from the district court of Ouachita, and was left by the sheriff in his possession, and that he possesses said property as the agent of the sheriff only, and that the plaintiff has no right nor title to the negro sued for.

The defendant afterwards moved to amend his answer so as to aver that the slave was originally put in his possession by Lake & Petty, and was levied on by the sheriff in virtue of an order of seizure and sale in their favor against Fisher, and for leave to call in warranty the sheriff as well as the said Lake & Petty, and that curators *ad hoc* be appointed to represent the absentees. This motion was overruled, and he took his bill of exceptions. We are of opinion the court did not err. The defendant does not pretend that he has any recourse in warranty against the persons who are

alleged to have placed the slave in his possession, nor does he ask any judgment against them. They were at liberty to intervene if they saw fit, in order to protect their own rights.

The evidence shows that H. M. Bry, as agent of J. J. Fisher, sold the slave in question by authentic act, on the 21st of October to the plaintiff. That an order of seizure and sale issued on the 29th of the same month, on a judgment recovered by Lake & Petty against Fisher in the state of Mississippi, but which was recorded in the office of the recorder of Mortgages, on the 21st of October, 1839, previously to the issuing of the order of seizure or summary execution, that order itself not appearing to have been recorded. It appears further that under that summary execution the sheriff levied upon the slave together with others, but that Sam together with one other, were released from the seizure by the sheriff, who refused to sell them because they had been sold by Bry, as agent of Fisher, previously to the issuing of the writ. The other slaves, five in number, were sold by him. It appears that all the slaves were brought from Mississippi by Petty, one of the partners of Lake & Petty, who stated that being a creditor of Fisher, and apprehensive that Fisher would run the slaves off, he had taken the start of him and run them off himself, and placed them in the hands of McDonald.

The appellant contends that the letter of attorney from Fisher to Bry has not been duly proved; that the subscribing witness should have been produced. His signature is proved to be genuine by a witness who was sworn and testified without objection. It is now too late to complain that the best evidence was not produced.

It is further contended that Lake & Petty by the seizure acquired a lien upon the slave, and that the sheriff ought to have proceeded after Cawthorn dismissed his opposition, although the return day of the writ was past. To this it may be answered, that the proceeding instituted by Cawthorn against Lake & Petty had no longer any object, and the sheriff had no longer authority to act. Of this the defendant has no right to complain, as he does not represent Lake & Petty, who were originally wrong-doers, and their possession a tortious one as it relates to Fisher.

The deed from Bry, as agent of Fisher, acknowledges a delivery of the slaves sold. This was clearly sufficient so far as the defen-

dant is concerned, who is a naked possessor without the shadow of right to the slave in question, and who has no capacity to avail himself of any pretended rights of Lake & Petty.

*Judgment affirmed.*